IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| LAVONNIA GOSS o/b/o A.J.W., : | |
| Plaintiff, : | |
| v. : | CASE NO. 3:15-CV-35 MSH |
| : | Social Security Appeal |
| CAROLYN W. COLVIN, : | |
| Commissioner of Social Security, : | |
| Defendant. : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's[1] application for Supplemental Security Income, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff, filing suit on Claimant's behalf, contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

---

[1] The Court refers to Lavonnia Goss as Plaintiff and to the minor child, A.J.W., as Claimant.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, re-weigh evidence, or substitute its judgment for that of the Commissioner.[2] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

In a case where a child claimant is seeking entitlement to Title XVI benefits, the following definition of disability applies:

---

[2]  Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

> An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i).  Therefore, eligibility depends upon the presence of "marked and severe functional limitations."  A sequential evaluation process is used to determine if the child meets the statutory definition of disability.  20 C.F.R. § 416.924, et seq.  Step one requires the ALJ to determine whether the child is engaging in substantial gainful activity.  If so, then the claim is denied.  Step two requires that the ALJ determine whether or not the child has a severe impairment or combination of impairments, defined as more than a slight abnormality and causing more than minimal functional limitations.  If not, then the claim is denied.

Step three requires the ALJ to decide whether the impairment is medically or functionally equivalent to impairments described in the listings of the regulations.  To assess functional equivalence to a listed impairment, the ALJ must evaluate the level of the claimant child's ability to function in six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1)(i)-(vi).  If the child has "marked" limitations in two domains, or an "extreme" limitation in one domain, the child's impairment is the functional equivalent of the impairments listed in the Federal Regulations.  20 C.F.R. § 416.926a(a).  A limitation is "marked" when the child's impairment or impairments

3

seriously interfere with his ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). When measured by standardized testing, a marked limitation is generally indicated by scores "at least two, but less than three, standard deviations below the mean." *Id*. An "extreme" limitation causes very serious interference with the child's ability to independently initiate, sustain or complete activities and is usually associated with standardized test "scores that are at least three standard deviations below the mean." *Id*. § 416.926a(e)(3)(I).

## ISSUES

I. Whether the ALJ erred in failing to specify the weight given to a medical opinion.

II. Whether the ALJ properly assessed Claimant under the six domains of functioning.

III. Whether the Appeals Council erred in failing to grant review in light of newly submitted evidence.

## Administrative Proceedings

Plaintiff Lavonnia Goss filed an application for supplemental security income (SSI) on behalf of her minor daughter, A.J.W., on January 20, 2012 alleging that her child has been disabled since October 1, 2011. Plaintiff's claim was denied initially on March 19, 2012 and on reconsideration on September 5, 2012. She filed a written request for an evidentiary hearing before an administrative law judge (ALJ) on October 18, 2012 and the hearing was held on September 16, 2013. Plaintiff was represented by her attorney at the hearing. The ALJ issued an "unfavorable" decision denying her claim on November 18, 2013. Tr. 17, 20. Plaintiff then filed a request for review by the Appeals

Council on January 7, 2014. The Appeals Council denied her request on February 7, 2015. Tr. 1-7, 15-16. This appeal followed.

## Statement of Facts and Evidence

When her mother filed the application for SSI benefits on her behalf, Claimant was five years old. Tr. 24. The application stated that Claimant is disabled as a result of attention deficit hyperactivity disorder (ADHD), asthma, and a learning disability. Tr. 186. In conducting the three-step sequential evaluation process to determine whether a claimant under the age of 18 years is disabled, the ALJ found Claimant to have severe impairments of ADHD, oppositional defiant disorder (ODD), and asthma. Further, the ALJ found that these severe impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, either alone or when considered in combination. Tr. 23. Therefore, the ALJ was next required to decide if Claimant's impairments, either alone or in combination, functionally equal the severity of the listings (20 C.F.R. 416.924(d) and 416.926(a)). The ALJ determined that they do not and thus found Claimant to be "not disabled." Tr. 24-34.

## DISCUSSION

In her brief before the Court, Plaintiff raises three issues. She first asserts that the ALJ failed to specify and adequately explain the weight she gave to the opinion of Dr. Richard Bank, a treating psychologist. Second, she contends the ALJ relied on an "unsupported" teacher questionnaire and irrelevant evidence in reaching her conclusions that Claimant has less than marked limitations in the six domains of functioning, thus making the decision unsupported by substantial evidence. Last, she argues that she

submitted two teacher questionnaires to the ALJ post-hearing, but before the decision was issued, and the ALJ failed to address them. The Commissioner responds that her decision to deny Plaintiff the benefits she seeks on behalf of Claimant is supported by substantial evidence and was reached after applying the correct legal principles. While the Commissioner concedes that the ALJ failed to specify the weight she gave to the opinion of the treating psychologist, she urges the Court to affirm her decision under the rule of harmless error. The Court addresses the issues in the order in which Plaintiff has raised them.

**I.      Did the ALJ err by failing to specify the weight given to a medical opinion?**

Dr. Richard Bank is a psychologist who has treated Claimant since August 2011. Tr. 379. Dr. Bank opined that Claimant has ADHD and Disruptive Behavior Disorder/Not Otherwise Specified. The ALJ considered and accepted Dr. Bank's opinions as to the nature of Claimant's impairments at Step Two of the sequential evaluation process when she determined that Claimant has severe impairments of ADHD and ODD. Tr. 23. She specifically noted at Step Two that Dr. Bank found no evidence of remaining speech delay after therapy. And again at Step Three the ALJ expressly considered Dr. Bank's records of treatment and opinions as well.

First, she noted that Dr. Bank submitted a letter dated January 25, 2012 in which he confirmed a treating relationship with Claimant since August 23, 2011. The ALJ stated that Dr. Bank had been administering individual and family therapy as well as medication management for her stated severe impairments although he had characterized the therapy as "inconsistent" and had not seen Claimant for approximately two months.

Ex. 2F, Tr. 378-379.  Also, the ALJ noted the April 18, 2013 letter from Dr. Bank addressed "To Whom It May Concern" recommending that Claimant and her sister be separated for bedtime.  Tr. 26.  The ALJ specifically addressed the Childhood Mental Impairment Questionnaire prepared by Dr. Bank on January 25, 2012 and the functional capacities assessment by Dr. Bank dated October 4, 2013.  Although Dr. Bank found marked limitations in Claimant's ability to acquire and use information, attend and complete tasks and interact and relate to others, the ALJ determined that these conclusions contradicted his previous reports and other treatment notes which established favorable response to consistent treatment.  Tr. 27.  The ALJ clearly discounted Dr. Bank's conclusions by noting these inconsistencies and considering Plaintiff's own testimony that Claimant improved when treated.  The ALJ further stated that Claimant's special education teacher reported no serious problems in any domain.  Tr. 27.

Dr. Bank's medical source statements were by no means ignored or overlooked.  Indeed, they were considered in detail.  While the ALJ did not specifically assign weight to his conclusions, her decision to not give them controlling weight is supported by evidence found in the record as a whole and her written decision establishes a sufficient record upon which the Court can exercise meaningful judicial review of the Commissioner's decision.  *See, e.g., Newberry v. Comm'r Soc. Sec.*, 572 F. App'x 671, 672 (11th Cir. 2014) (finding error harmless despite ALJ not "explicitly assign[ing] weight" to a medical opinion because the ALJ's decision was based on substantial evidence); *Tillman v. Comm'r Soc. Sec.*, 559 F. App'x 975, 975-76 (11th Cir. 2014) (same).  Plaintiff's first asserted error is harmless and does not require remand.

**II.     Did the ALJ properly assess Claimant under the six domains of functioning?**

Plaintiff contends in her second asserted error that the ALJ's finding that Claimant has no marked limitations in any of the six domains of functioning is unsupported by substantial evidence.  She asserts that, because the ALJ relied in part on a questionnaire prepared by a teacher who had known Claimant only fifteen days and further relied on evidence characterized by Plaintiff as having only "minimal relevance," the unfavorable decision must overturned.

Whether fifteen days is a sufficient longitudinal record on which to rely goes to the weight assigned to the evidence and is a decision committed to the Commissioner under the Act.  The Court cannot reweigh the evidence and conclude, as Plaintiff would like, that fifteen days is too short a period of time for an educator to form an opinion about a student's abilities; to do so would result in the Court exceeding its authority.  *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005).  Furthermore, Plaintiff offers no authority for her contention that fifteen days is too brief a period to support the teacher's conclusions about Claimant's functional abilities.  No error is found.

Plaintiff also argues that some of the evidence the ALJ relied on in her unfavorable decision has "minimal relevance."  First, she faults the ALJ for stating in her opinion that based on the medical source statement provided by Dr. Harvey Gayer, a clinical psychologist, Claimant has no delusions, psychoses, or thought distortions.  The ALJ must consider the record as a whole.  While Plaintiff is correct that she does not claim disability for Claimant based on schizoaffective disorders, the fact that the ALJ discussed a particular piece of evidence in her opinion that addresses impairments other

than those alleged by Plaintiff does not make the decision unsupported by substantial evidence.  The ALJ considered Dr. Gayer's findings as a whole, including his statement that Claimant had intact memory and concentration during the evaluation.  Intact memory and concentration are directly relevant in the ALJ's consideration of whether Claimant has any limitations in the domain of attending and completing tasks.

Likewise, it was not error for the ALJ to note that Claimant has a full scale IQ of 97, although Plaintiff does not contend that Claimant has an impairment of the intellect.  Plaintiff fails to cite any authority for her proposition that, in reviewing the record as a whole, an ALJ errs by noting average intellectual function, and the Court has been unable to find any.  Both Plaintiff and the Commissioner agree that the essential questions are whether the record establishes that the ALJ considered Claimant's condition as a whole and whether the written opinion provides a sufficient basis for the Court to conduct its statutory duty of meaningful judicial review.  The ALJ went through each of the six domains of functioning and cited to medical and educational evidence in the record upon which she based her decision.  While Plaintiff no doubt comes to a contrary conclusion, the ALJ has not erred in her determination that Claimant is not disabled.

**III.    Did the Appeals Council err in failing to grant review in light of the newly submitted evidence?**

Last, Plaintiff seeks an order of remand for further consideration of two teacher questionnaires and a letter from Dr. Bank as "new evidence."  She first argues that the teacher questionnaires were submitted to the ALJ after the hearing but before the decision was issued.  She then contends that, regardless, the Appeals Council should have treated

the questionnaires as new evidence and grant review.[3] The Court must review the evidence and decide whether it would render the ALJ's decision erroneous. *Ingram v. Comm'r Soc. Sec.*, 496 F.3d 1253, 1262 (11th Cir. 2007). The first questionnaire was completed October 3, 2013 by Ms. Leigh Davis (Ex. 16E), and the second questionnaire was completed October 8, 2013 by Ms. Rachel Dunston (Ex. 17E). Tr. 325-332, 337-344. The Court addresses each in turn.

Leigh Davis stated in her teacher questionnaire that she taught Claimant for two years due to Claimant repeating the first grade. Tr. 325. In only one area did she describe Claimant as having a very serious problem, that of "working without distracting self or others" in the domain of attending and completing tasks. Ms. Davis then pointed out that the ADHD medication "helps her school performance tremendously." Tr. 327, 331. In the written decision denying benefits, the ALJ specifically noted that Claimant is "easily distracted" so the teacher questionnaire does not add an element not considered and addressed by the ALJ. Just as Ms. Davis stressed that proper medication helped "tremendously," the ALJ likewise considered the therapeutic effect of medication. She noted Plaintiff's own testimony that Claimant's medication helps as well as the findings in a consultative examination by Dr. Harvey Gayer, that Concerta resulted in improved behavior. Ex. 3F, Tr. 26. The ALJ also observed that Dr. Shelly Yussuf, who prescribed Concerta, similarly stated that Claimant showed improvement with the medication

---

[3] The Appeals Council considered these documents, made them part of the record, and denied review. Tr. 2-6. Consequently, the Appeals Council did not have to provide a detailed rationale for denying review. *See, e.g., Washington v. Comm'r Soc. Sec.*, 806 F. 3d 1317, 1321 n.5 (11th Cir. 2015).

regimen.  Ex. 10F, Tr. 26.  In her analysis of the domain of Attending and Completing Tasks the ALJ specifically considered Claimant's inattention and behavior problems and found these to be adequately remedied by medication.  Tr. 30.  If medication controls the symptoms of a disorder, the disorder is not disabling.  *Gibbs ex rel. Barris v. Barnhart*, 130 F. App'x 426, 431 (11th Cir. 2005).  The record establishes that the questionnaire submitted by Ms. Davis would not change the ALJ's decision.

Rachel Dunston taught Claimant from August 2013 through the date of her questionnaire on October 8, 2013.  Tr. 337.  Like Ms. Davis, she rated no problem in any domain as "very serious" and rated most as "obvious."  Tr. 338-342.  She rated fewer as "serious" than Ms. Davis did, with five of thirteen ratings in the domain of attending and completing tasks as "no problem" or "slight."  Only two of thirteen were rated as serious.  Tr. 339.  It cannot be said that this questionnaire would cause the ALJ to change her decision.  Thus, the Appeals Council did not err in its conclusion that neither of these questionnaires undermines the substantial evidence supporting the ALJ's unfavorable decision.  *Ingram*, 496 F.3d. at 1262.

Dr. Richard Bank also submitted a letter to the Appeals Council dated March 5, 2014.  Addressed "to whom it may concern," the letter states that Claimant "could benefit from whatever resources that are deemed necessary" and characterized her prognosis as "fair to guarded."  Most important, Dr. Bank's letter says "with psychotherapy and psychotropic interventions (i.e. medication), she has shown considerable improvement."  Tr. 433.  Nothing in the letter is new or different from the records of Claimant's treatment with Dr. Bank thoroughly discussed by the ALJ in her opinion, except his observation of

"considerable improvement" on medication. The Court cannot say that this letter would cause a different result and no error is found.

## CONCLUSION

For the foregoing reasons, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 30th day of December, 2015.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE